UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60186-CIV-COOKE
MAGISTRATE JUDGE REID

JUNIOR SIMON

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### I.  Introduction

    Junior Simon, who is presently confined at the Broward County Main Jail in Fort Lauderdale, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, apparently seeking removal of his court-appointed public defender and for federal habeas relief due to the denial of his motion to dismiss, motion to suppress, and denial of relief during a *Nelson* hearing. [DE 1 at 1]. The Petitioner also seeks "his discharge from custody or release on non-monetary [sic] conditions of bail." *Id*. at 2.

1

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.   Applicable Law

Based upon the limited information provided to the Court in the petition, the Petitioner believes he was subject to an illegal search and seizure and that his court-appointed counsel disagrees with this assessment. *Id.* at 3. However, the Petitioner has not yet gone to trial nor has he been convicted of any crime. Rather, he is in custody awaiting trial. At this point, his federal habeas petition pursuant to Section 2254 is premature.

> Section 2254 habeas corpus relief challenges the fact or duration of a state criminal conviction: it is a postconviction remedy. *See* 28 U.S.C. § 2254(a) ("[A] court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court ....") (emphasis added).

*Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009).

## III.   Analysis

If the Petitioner were challenging the terms of his pre-trial detention his application may be properly brought pursuant to Section 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003) (noting that all habeas petitions are governed by §2241, and that §2254's provisions do not apply to pretrial detention). However, it is not entirely clear to the undersigned that the Petitioner is actually

asserting a challenge to his pre-trial detention as much as he is preemptively asserting that his trial counsel was ineffective for not arguing that he was subject to an illegal search and seizure. Nonetheless, whatever the substance of his claim here, he has not fully exhausted any claim relevant for federal habeas purposes. Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement. *Id.; see also Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J ., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.").

## IV. Conclusion

Therefore, the undersigned finds that Petitioner has failed to satisfy the exhaustion requirement and concludes that the instant petition should be DISMISSED without prejudice so that Petitioner may first exhaust any available state remedies.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections to the recommendation that no certificate of appealability be issued. Failure to file timely objections shall bar the Petitioner from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal

factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790,794 (1989); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED at Miami, Florida on this 29th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:

Junior Simon
231701952
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
PRO SE