UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60186-CIV-ALTMAN/Hunt

JUNIOR SIMON,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on January 18, 2019 by the Petitioner, Junior Simon. In her Report and Recommendation (the "Report") [ECF No. 4], United States Magistrate Judge Lisette M. Reid recommended that the petition be dismissed as a result of the Petitioner's failure to exhaust his state court remedies. *See* Report at 3. On May 13, 2019, the Petitioner timely objected to the Report (the "Objections") [ECF No. 5].

## BACKGROUND

The Petitioner filed this habeas petition to challenge the terms of his pre-trial detention in a state court criminal proceeding. *See generally* Pet. Specifically, the Petitioner alleges that he is currently being "illegally detained in this Cause because, when he was arrested on Sep. 4, 2018 . . . his Fourth and Fourteenth Amendment [rights were violated] due to an illegal search or seizure because [a p]ortion of the case against him is Fruit of the Poisonous Tree." *Id.* at 1. Detailing his arrest, the Petitioner says that the police "trick[ed] [him] to open his hotel room door," and that "without a search or an arrest warrant they entered the room and arrest[ed him].

Then, they start[ed] searching the room and obtained drugs that w[ere] never on the defendant." *Id.* at 2. As relief for this alleged injury, the Petitioner requests "his discharge from custody or release on non-monetary conditions of bail." *Id.* Notably, the Petitioner claims to have exhausted all possible state court remedies before filing his Petition. *Id.*

Noting the differences between a habeas petition brought under § 2254 and a petition brought under § 2241, Magistrate Judge Reid found that the former is an appropriate vehicle only for petitions challenging state *convictions*. *Id.* at 2 (citing *Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009)). On the other hand, as Judge Reid noted, a petition challenging the terms of *pre-trial detention* can be brought only under § 2241. *Id.* (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)). Either way, Magistrate Judge Reid concluded that, however the Petitioner chose to caption his case, the Petition should be dismissed because the Petitioner failed to exhaust his state court remedies. *Id.*

In his Objections, the Petitioner insists that he has exhausted his state court remedies. *See* Objections ¶ 4. He also admits that he should have brought his Petition under § 2241 and asks the Court to consider it under that Section. *See id.* ¶¶ 2, 6.[1]

## ANALYSIS

Because the Petitioner timely objected to the Report, the Court will review the Petition *de novo*. *See* FED. R. CIV. P. 72(b)(3). The Court will also accept the Petitioner's invitation to treat his Petition as one brought under § 2241. Indeed, even had the Petitioner not made this request, federal courts have "an obligation to look behind the label of a motion filed by a *pro se* [litigant] and determine whether the motion is, in effect, cognizable under a different" framework. *See*

---

[1] Despite the Petitioner's concession that his Petition was brought under § 2254, *see* Objections ¶¶ 2, 3, nothing in the Petition actually indicates whether it was brought under § 2254 or § 2241. *See* Pet. It thus appears that the Petition was inadvertently docketed as a § 2254. *See* [ECF No. 1].

*United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

### I.       *Younger* Abstention

Unfortunately for the Petitioner, the Petition fares no better under § 2241 because the Petitioner—whose criminal case in state court is proceeding apace—does little more than ask this Court to enjoin, or otherwise interfere with, a pending state prosecution. *See* Pet at 1. After all, the Petitioner seeks only two forms of relief: (1) his "discharge from custody," Pet. at 1; or (2) his "release on non-monetary conditions of bail," Pet. at 2. But, to accomplish either, this Court would have to issue an injunction that either ends or interferes with the pending state court proceeding. This the Court cannot do.

The "normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Indeed, "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989). There are only three narrow exceptions to this general rule that a federal court should avoid enjoining, or interfering with, state court criminal proceedings: (1) where there is evidence that the state proceedings are motivated by bad faith; (2) where irreparable injury would occur; or (3) where there is no adequate alternative state forum in which the petitioner's constitutional claims may be reviewed. *See Younger*, 401 U.S. at 45. Where, as here, a pretrial state detainee seeks federal habeas relief, he must "satisfy the[se] '*Younger* abstention hurdles' before the federal courts can grant such relief." *See Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)).

None of these three exceptions applies here.

*First,* the Petitioner has not even pled, let alone proved, that the state court proceedings

are motivated by anything approaching bad faith, and the record contains no evidence of any such motivation. *C.f. Dombrowski v. Pfister*, 380 U.S. 479, 490 (1965) (bad faith requires an allegation that either the prosecution was not brought to secure conviction or was intended to harass); *Hudson*, 358 F.App'x at 118 (petitioner must make a "substantial allegation" of actual bad faith (citing *Younger*, 401 U.S. at 48)).

*Second*, the Defendant has made no effort to plead irreparable harm, which requires an allegation that the statute or conduct at issue is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, U.S. at 53–54. To the contrary, far from alleging irreparable harm, the only injuries the Defendant seeks to redress—his arrest and pre-trial detention—are, as the Supreme Court has said, precisely the types of injuries that can "be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46 (citing *Ex parte Young*, 209 U.S. 123, 125-27 (1908)); *see also Beal v. Missouri Pac. R.R. Corp.*, 312 U.S. 45, 49 (1941) ("No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid.").

*Third*, because the Petitioner can adequately address his constitutional claims in the pending state court proceeding—indeed, the Petitioner has already moved the state court to dismiss the charges against him on account of, *inter alia*, his allegedly unlawful arrest, *see* Pet. at 1—there is simply no reason to believe that the Florida courts are anything but an adequate alternative forum for the redress of his constitutional claims. As the Supreme Court has made clear, "[m]inimal respect for the state processes, of course, preludes any *presumption* that the

4

state courts will not safeguard constitutional rights." *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." *Middlesex County*, 102 S.Ct. at 2521. And the Petitioner bears the burden of establishing that the state procedures are inadequate. *See Butler v. Alabama Judicial Inquiry Com'n*, 245 F.3d 1257, 1262 (11th Cir. 2001). The Petitioner has not even approached—let alone carried—that burden here.

In short, none of the three exceptions to the *Younger* abstention doctrine apply under the circumstances of this case.

**II.     Exhaustion of State Court Remedies**

Even if the *Younger* abstention doctrine did not bar the Petitioner's claims, however, the Petition would still be subject to dismissal for an entirely unrelated reason—the Petitioner's failure to exhaust all available state court remedies before filing for federal relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (habeas corpus actions "require a petitioner fully to exhaust state remedies"). To exhaust one's state remedies under § 2241, a pretrial detainee must first bring his claims to the courts of the state in which he is detained. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973). This means giving state courts "one full opportunity to resolve any constitutional issues" by completing not just his trial, but also "one complete round of the State's established appellate review process." *See Schmidt v. Mcneil*, 354 F.App'x 391, 394 (11th Cir. 2009) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Only once "it is fair to assume that further state proceedings would be useless" can the Petitioner turn to federal court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Here, the Petitioner seeks federal relief for claims that have not been fully addressed in Florida's state courts. It is, for example, undisputed that the Petitioner's case has not yet

proceeded through trial—let alone through one full round of appeals. He has thus not given Florida's courts "one full opportunity" to resolve the issues he has raised, and, as such, his failure to exhaust his state court remedies provides an additional, alternative basis for dismissal.[2]

## CONCLUSION

Summary dismissal of a habeas petition is appropriate when the petition plainly reveals that relief is unwarranted. *See* 28. U.S.C. § 2243; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (federal courts are "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Petition in this case is plainly deficient both for running afoul of the Supreme Court's *Younger* doctrine and for the Petitioner's failure to meet the prerequisites for filing suit under 28 U.S.C. § 2241. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1.     The Petition **[ECF No. 1]** is **DISMISSED**.

2.     Any pending motions are **DENIED as moot.**

3.     The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of May, 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Magistrate Judge Lisette M. Reid
       counsel of record

---

[2] Moreover, habeas relief is not even available to a litigant on the grounds that evidence seized in violation of the Fourth Amendment was used against him—provided the state afforded the litigant an opportunity to fully and fairly litigate that claim. *See Stone v. Powell*, 428 U.S. 465, 481–482 (1976); *accord Caver v. State of Ala.*, 577 F.2d 1188, 1192 (5th Cir. 1978) (noting that *Stone v. Powell* bars federal habeas relief where the "state provides the processes whereby a defendant can obtain" relief). In short, even if the Petitioner *had exhausted* his illegal search and seizure claims in state court, those claims would be barred on collateral review.

7